# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **CHRISTOPHER A SALVADOR CONSTRUCTION L L C ET AL** | **CASE NO.  2:21-CV-04010** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AXIS INSURANCE CO, ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 30) filed by Defendant, Lyons Insurance Company ("Lyons") wherein Lyons moves to dismiss the instant lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## INTRODUCTION

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana.[1] Plaintiff, Christopher A. Salvador Construction, L.L.C. ("Salvador") contracted with Axis Insurance Company ("Axis") to insure numerous properties in Lake Charles, Louisiana[2] during the relevant time period.[3] Plaintiffs, Black Lake Land & Oil, L.L.C. and Curt Marcantel are alleged to be additional insured with respect to the property

---

[1] Doc. 1, Complaint for Declaratory Judgment and Damages, ¶ 15.
[2] *Id.* ¶ 9.
[3] *Id.* ¶ 12. The properties are as follows: (1) 2054 Campfire Road, Moss Bluff, Louisiana 70611; (2) 5831 Willow Ridge Drive, Lake Charles, Louisiana 70605; (3) 5846 Weeping willow, lake Charles, Louisiana 70605' (4) 1758 Gray Willow, Lake Charles, Louisiana 70605; (5) 6528 W. White Oleander Circle, Lake Charles, Louisiana  70605; (6) 6524 W. White Oleander Circle, Lake Charles, Louisiana 70605; (7) 6460 W. White Oleander Circle, Lake Charles, Louisiana 70605; (8) 6452 W. White Oleander circle, Lake Charles, Louisiana 70605;  (9) 6444 W. White Oleander Circle, Lake Charles, Louisiana 70605; (10) 6408 W. White Oleander Circle, Lake Charles, Louisiana 70605; and (11) 5803 Fire Willow, Lake Charles, Louisiana 70605.

at 6408 W. White Oleander Circle, Lake Charles, Louisiana 70605 ("the Laura policy"). The insured premises were Plaintiffs' residential homes that were in the process of being constructed when Hurricane Laura made landfall.[4] As a result of Hurricane Laura, Plaintiffs' properties suffered extensive damage.[5]

On October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana, which allegedly caused damage to Black Lake and/or Marcantel's covered property and contents.[6] Axis had denied coverage under both the Laura policy and the Delta policy based on its position that neither Black Lake nor Marcantel were named insured on the policies.

Salvador filed the instant lawsuit seeking a Declaratory Judgment to confirm that Defendant has an obligation to comply with the 30-day and 60-day statutory timelines under Louisiana Statutes Annotated § 22:1892 and § 22:1973 based on the insurer's failure to tender undisputed payments within the statutory time after receiving satisfactory proof of loss.  Plaintiffs are also seeking a Declaratory Judgment confirming that Defendant's thirty-and sixty-day timelines under these statutes began to run upon the initial inspection of the property and/or receipt of the satisfactory proof of loss submissions.[7]

In addition, Plaintiffs' Complaint asserts breach of contract, and breach of duty of good faith and fair dealing for Defendant's failure to pay for all benefits due to Plaintiffs.[8]

---

[4] *Id.* ¶ 10.
[5] *Id.* ¶ 18.
[6] Doc. 20, ¶ 15A.
[7] *Id.* ¶ ¶ 45-46.
[8] *Id.* ¶¶  47, 51-52.

## PROCEDURAL HISTORY

The instant lawsuit was filed on November 18, 2021.  The original Complaint was brought by Christopher A. Salvador Construction, L.L.C., Blake Lake Land & Oil Company, L.L.C. ("Black Lake") and Curt Marcantel ("Marcantel") as Plaintiffs and named Axis as Defendant. Black Lake and Marcantel alleged that they were additional insureds on the policy with respect to property located at 6408 S. White Oleander Circle, Lake Charles, Louisiana.[9]

In March of 2022, Marcantel was informed that Axis did not have Marcantel and Black Lake listed as additional insureds on the policy of insurance. On April 25, 2022, Black Lake and Marcantel obtained new counsel and filed a Motion to Substitute counsel, which was granted by the Court.[10] On May 4, 2022, Salvador and Axis filed a "Rule 41 Stipulation of Dismissal Between Christopher A. Salvador Construction, LLC and Axis Insurance Company" based on a settlement between these two parties.[11]

On July 18, 2022, Black Lake and Marcantel filed a "Motion to Amend Complaint",[12] which this Court granted.[13]  The Amended Complaint added as Defendants, The Firm of Louisiana, L.L.C. ("The Firm"), HBA Builder's Risk Insurance Program ("HBA"), and Lyons Insurance Inc. ("Lyons").[14]

---

[9] *Id*. ¶ 11.
[10] Docs. 14 and 15.
[11] Doc. 16.
[12] Doc. 18.
[13] Doc. 19.
[14] Doc. 20.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## LAW AND ANALYSIS

Plaintiffs, Black Lake and Marcantel, discovered in March of 2022, that they were not listed as additional insureds on the Laura  policy due to an alleged error by The Firm when the policy was renewed on August 22, 2020. The policy expired on August 22, 2020, and was renewed on that same day, but did not list Black Lake and Marcantel as additional insureds. Plaintiffs assert that they were led to believe that they were named as additional insured on the policy based on The Firm's assurances and representations.

On or about September 18, 2020, the insured premise at 6408 W. White Oleander Circle, Lake Charles, Louisiana, was put into possession of Black Lake and Marcantel. Black Lake and Marcantel purchased a homeowner's policy ( the "Delta Policy") from Axis through Lyons, which went into effect on September 18, 2020.[15] Black Lake and Marcantel allege that they had homeowner's coverage because agents of Lyons represented to them that they had coverage, and Black Lake And Marcantel reasonably believed and relied upon the representations made by Lyons and its agents.[16]

On March 15, 2022, the Plaintiffs and Axis participated in a mediation, and were made aware of the error during the mediation. Consequently, Marcantel and Black Lack were unable to reach a settlement with Axis at the mediation, whereas Salvador was able to reach as settlement with Axis. In order to preserve their claims as to Hurricane Laura, Black Lake and Marcantel amended the Complaint to add Defendant, The Firm, as a

---

[15] Doc. 20, ¶ 12A.
[16] *Id.*

precaution based on this new knowledge. In addition, Plaintiffs added Lyons and HBA as Defendants to preserve any claims as a result of Hurricane Delta.

Lyons has filed the instant Motion to Dismiss for lack of jurisdiction because there is no longer complete diversity of citizenship due to the Amended Complaint. The Firm and HBA are alleged to be Louisiana limited liability companies, and Lyons is alleged to be a Louisiana corporation.[17]

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). *See also Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). *See also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject matter jurisdiction over civil actions presenting a federal question, 28 U.S.C. § 1331, and civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. The burden of establishing the court's subject matter jurisdiction rests on the party invoking the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961). Federal courts must dismiss an action if subject matter jurisdiction is lacking. Federal Rule of Civil Procedure 12(h)(3); *Doe v. United States*, 853 792, 798 (5th Cir. 2017).

---

[17] Doc. 20.

Any order issued by a federal court lacking subject-matter jurisdiction, except for an order of dismissal or remand, is void. *Dahiya v. Talmidge Intern., Ltd.*, 371 f.3d 207, 210 (5th Cir. 2004); *John G. and Marie Stella Kenedy Memorial Foundation v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994); *Shirley v. Maxicare Tex., Inc.,* 921 F.2d 565, 568 (5th Cir 1991).  Federal courts may raise the issue of subject-matter jurisdiction *sua sponte* at any time. *McDonal v. Abbott Labs.*, 408 f.3d 177, 182 n. 5 (5th Cir. 2005) (citing *Ruhrgas AG v. Marathon Oil, Co*., 526 U.S. 574, 584,84 (1999)).

*Federal jurisdiction*

The original Complaint filed in this Court alleged claims under the Declaratory Judgment Act (28 U.S.C. § 2201) and diversity jurisdiction (28 U.S.C. § 1332(a)(1)).[18] Lyons maintains that none of the stated bases are sufficient to establish subject matter jurisdiction.

First, Lyons argues that the Declaratory Judgment Act does not extend the jurisdiction of the federal courts. *Medtronic, Inc. v. Mirowski Family Venture*, *LLC*, 571 U.S. 191, 197 (2014), 134 S.Ct. 843, 848 (*citing Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 371 (1950) 70 S.Ct. 876. "[I]t is well settled that [the Declaratory Judgment Act] does not confer subject matter jurisdiction on a federal court where none otherwise exists." *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997); *see also Simi Inv. v. Harris County, Tex.*, 236 F.3d 240, 247 (5th Cir. 2000). The Court agrees that Plaintiffs' claim

---

[18] Doc. 1, ¶ 4.

under the Declaratory Judgment Act in the Complaint, as amended, does not provide an independent basis for this Court's exercise of subject matter jurisdiction.

*Diversity of citizenship*

Lyons does not contest the $75,000 jurisdictional amount but does challenge the fact that there is now no complete diversity of citizenship. Subject matter jurisdiction depends on the state of things at the time the action is filed. *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 473 (2007) 127 S.Ct. 1397, 1409. However, when a plaintiff filed a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction. *Id.* at 473-74.

Lyons notes that Plaintiff Marcantel is a Louisiana citizen, and Lyons is a Louisiana citizen as well, thus subject matter is lacking. Lyons maintains that courts may not exercise supplemental jurisdiction over joined defendants in diversity cases when doing so destroys complete diversity among parties. Lyons argues that Plaintiffs have not shown that the exercise of jurisdiction over the claims against Lyons comports with the limitations imposed by the Constitution and federal statutes and, thus, the suit should be dismissed. The Court agrees that based on the Amended Complaint, complete diversity no longer exists.

*Supplemental jurisdiction*

Plaintiffs maintain that this Court has the discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367(a), because the claims are so related.  Plaintiffs note that this Court had original jurisdiction when the original Complaint was filed, and the added claims arise out of and are related to the denial of coverage, lack of coverage,

and failure to procure coverage on the property that is the main subject of this lawsuit. In addition, the added claims were made as to Hurricane Delta and related to the claims in the action within the original jurisdiction, forming part of the same case or controversy. Plaintiffs suggests that all of the claims arise from the same property,[19] and the claims against The Firm and HBA arise as a result of the Laura claim that was alleged in the Original Complaint against Axis. Consequently, Plaintiff urges the Court to exercise supplemental jurisdiction as to all claims since supplemental jurisdiction is permissible.

In the alternative, Plaintiffs request a dismissal without prejudice and an order that confirms tolling of prescription, which would include the 30-day time frame in which Plaintiffs are permitted to refile their Complaint in the state court pursuant to 28 U.S.C.A § 1367(d). In other words, if the court declines to exercise supplemental jurisdiction and the case is dismissed without prejudice, Plaintiffs' requests that this Court order its claims be tolled for a period of 30 days after it is dismissed.

Lyons argues that because supplemental jurisdiction does not apply to Plaintiffs' claims, the tolling provision of 28 U.S.C. § 1367(d) is inapplicable, and Plaintiffs' claims against Lyons are subject to a peremptive period pursuant to Louisiana Revised Statute 9:5606, which may not be tolled.

Lyons asserts that supplemental jurisdiction pursuant to 28 U.S.C. § 1367 was not stated as a ground for the court's jurisdiction in the Complaint or Amended Complaint.

---

[19] The original Complaint involved 11 properties owned by Salvador. Black Lake and Marcantel were alleged to be additional insureds.

Lyons maintains that this Court's exercise of supplemental jurisdiction over Lyons is expressly prohibited by statute.

28 U.S.C. § 1367(a) provides that a district court has discretion to exercise supplemental jurisdiction except as provided in subsections (b) and (c) of the statute. Where the original jurisdiction of a district court is founded solely on 28 U.S.C. § 1332, "the district court shall not have supplemental jurisdiction over subsection (a) claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S. C. § 1367(b). Thus, in diversity suits the district courts have no discretion regarding the exercise of supplemental jurisdiction over claims against non-diverse persons made parties through third-party practice, Federal Rule of Civil Procedure Rule 14, intervention, Rule 24, required joinder, Rule 19, or permissive joinder. Rule 20.

Lyons argues that the exercise of supplemental jurisdiction over the claims against Lyons would be inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332, and thus must be dismissed for lack of subject matter jurisdiction. Here, exercising supplemental jurisdiction of Plaintiffs' claims against a non-diverse defendant is akin to allowing Plaintiffs to file a non-diverse suit in federal court, when said claim could never have been properly heard by the court.   The Court finds that there is no supplemental jurisdiction here. The Amended Complaint, which includes at least one non-diverse Defendant (Lyons) is substantively a new lawsuit for errors and omissions malpractice against an agent.

## **CONCLUSION**

For the reasons set forth herein, the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 30) filed by Defendant, Lyons Insurance Company, will be granted, dismissing this lawsuit without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 13th day of October, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**